NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-691

COMMONWEALTH

vs.

JAMART A. HOLMAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial in the District Court, the defendant, Jamart A. Holman, was convicted of possession of ammunition without a firearm identification (FID) card.[1]  He argues that the judge erred in denying his motion for a required finding of not guilty because the Commonwealth presented insufficient evidence to prove that he did not possess an FID card.  We affirm.

Background.  We summarize the facts as the judge could have found them.  On March 13, 2021, at approximately 11:40 P.M.,

_____

[1] The defendant was also convicted of possession of a firearm without a license (count one) but does not challenge that conviction on appeal.  The defendant was charged with possession of a firearm without an FID card (count two), but that count was dismissed at the close of trial.

Trooper Nathan Hayes of the Massachusetts State Police was positioned near the intersection of Routes 495 and 24. Trooper Hayes noticed a vehicle traveling at an excessive speed and performed a traffic stop. As the vehicle slowed and was in the process of pulling over, Trooper Hayes saw the driver and sole occupant, later identified as the defendant, briefly lift his body off the seat and then sit back down. When Trooper Hayes approached the passenger side window, the defendant appeared "extremely nervous." Trooper Hayes noticed a bulge in the defendant's pocket, which the defendant admitted was "a little weed." The defendant still seemed nervous and was attempting to "move his hands over to his left side" toward the area of the driver's side door panel. Trooper Hayes told the defendant to stop moving, approached the driver's side of the vehicle, and asked the defendant to exit the vehicle. He performed a "pat down" of the defendant and located a knife on his person. Trooper Hayes then noticed a black book bag on the passenger side floor, "picked it up," opened it, and saw what "looked like a firearm." At that time, he placed the defendant in handcuffs. When he returned to the bag, he took out a handgun, removed the magazine, and ejected a live ".9-millimeter round" of ammunition. After receiving Miranda warnings, the defendant told Trooper Hayes that he was a Lyft driver, and "that he received a call from a passenger that he had that the

2

backpack -- or a bag was left in the trunk of the vehicle."  The defendant further stated "that backpack and that gun belonged to this passenger that called him."  The defendant could not provide the name of the passenger, the address at which he picked up the passenger, or a telephone number for the passenger that had called him.

At trial, Trooper Hayes testified during the Commonwealth's case-in-chief that the defendant did not have a license to carry a firearm (LTC).  Later during cross-examination, Trooper Hayes testified that the defendant told him that he did not have an LTC or an FID card.  The Commonwealth's second witness, Kevin Scaplen from the Department of Criminal Justice Information Services, testified that officers ran a "BOPFI query" to access firearms licensing information from their online database, Criminal Justice Information Services (CJIS).  Scaplen determined that the search for "Jamart Holman" with the date of birth "3/2/1982" returned no records, which indicated that an individual with that name and date of birth has never had an LTC or an FID card.  The defendant's date of birth was not introduced in evidence.

Discussion.  The defendant contends that evidence was insufficient to sustain a conviction of possession of ammunition without an FID card.  When reviewing the denial of a motion for required finding of not guilty, we must consider "whether, after

3

viewing the evidence in the light most favorable to the [Commonwealth], any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis and citation omitted).  Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).

"To convict a defendant of unlicensed possession of ammunition [under G. L. c. 269, § 10 (h)], the Commonwealth must show that the defendant (1) possessed, (2) ammunition designed for use in any firearm, and (3) without complying with the FID card requirements as provided by the applicable statute." Commonwealth v. Encarnacion, 105 Mass. App. Ct. 46, 55 (2024), quoting Commonwealth v. McCollum, 79 Mass. App. Ct. 239, 245 (2011).  The defendant only contests the sufficiency of evidence regarding the third element.  Because ammunition could have been lawfully possessed only with either an LTC or an FID card at the time the defendant was charged and convicted, the Commonwealth must have proved that the defendant had neither the license nor the FID card.  See G. L. c. 140 § 129C, as amended by St. 2014, c. 284, §§ 40, 41.[2]  Here, the defendant acknowledges that there

---

[2] That version of the statute stated in part, "No person, other than a licensed dealer or one who has been issued a license to carry a pistol or revolver . . ., shall own or possess any . . . ammunition unless he has been issued a firearm identification card . . . ."  Amendments to the statute became effective in September 2024, after the defendant's trial, and thus do not apply here.

4

was evidence at trial that he did not possess an LTC, but he contends that the evidence was insufficient to prove that he did not possess an FID card.  As to the latter point, we disagree.

The evidence, viewed in light most favorable to the Commonwealth, showed that the defendant admitted to Trooper Hayes that he did not have an LTC or an FID card.[3]  This evidence was presented during the Commonwealth's case-in-chief (albeit through cross-examination) and before the defendant filed a motion for a required finding of not guilty.  The defendant argues that the Commonwealth cannot rely on evidence elicited on cross-examination during their case-in-chief where defense counsel introduced an entire element of the crime.  This issue was addressed in Commonwealth v. Manolo M., 103 Mass. App. Ct. 614, 616 n.4 (2023), S.C., 496 Mass. 244 (2025), where the court concluded that testimony elicited during cross-examination "can be considered as part of the Commonwealth's case-in-chief for purposes of a required finding."  Although our decision in that case was superseded, the Supreme Judicial Court implicitly agreed with our analysis of this issue, because it included the cross-examination testimony in its recitation of the

---

[3] The Commonwealth concedes that the result of the CJIS search was not, by itself, sufficient to prove that defendant did not have an FID card, because there was no testimony to prove that the defendant's date of birth was the one that was used in the BOPFI query.

"Commonwealth's case." Manolo M., 496 Mass. at 246. See id. at 247 ("Vaughn blocked Manolo's attempted punch"). Manolo M., supra, is controlling precedent, and where Trooper Hayes' testimony on cross-examination was presented during the Commonwealth's case-in-chief, a reasonable fact finder could have concluded that the defendant possessed ammunition without an FID card.[4] Therefore, the Commonwealth presented sufficient evidence for a rational fact finder to conclude that the defendant did not have an FID card or LTC, and the motion for a required finding of not guilty was properly denied.

Judgments affirmed.

By the Court (Neyman, Singh & Hand, JJ.[5]),

Paul Little

Clerk

Entered:  July 24, 2025.

---

[4] The defendant did not raise a claim of ineffective assistance of counsel on appeal.  In any event, trial counsel appears to have had strategic reasons to elicit the information on cross-examination.  In this regard, we note that the sole defense at trial was that the firearm did not belong to the defendant, and he was not aware of its presence in the backpack.

[5] The panelists are listed in order of seniority.

6